IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAKELE HARRISON,

    Plaintiff,

v.

THE JOHNS HOPKINS HOSPITAL, et al.

    Defendants.

\*   Civil No. 24-13-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Makele Harrison ("Harrison"), proceeding pro se, brought suit against the Johns Hopkins Hospital ("JHH"), Tanesha Stokes ("Stokes"), Lewis Givens ("Givens") and Herbert Royster ("Royster") (collectively "Defendants"). ECF 1 (complaint). Harrison seeks four hundred and eighty-five million dollars for alleged "retaliation." ECF 1-2, at 4. Pending before the Court are Stokes's motion to dismiss for insufficient service of process (ECF 10), Defendants' motion to dismiss for failure to state a claim (ECF 12), Harrison's motion to appoint counsel (ECF 15), and Harrison's motion for default judgment (ECF 22). The Court has reviewed the pending motions, any memoranda in support, as well as responses and replies thereto.[1] The motions are ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). The Court will first address Defendants' motion to dismiss for failure to state a claim (hereinafter the "Motion") since it is dispositive of the case. For the reasons set forth below, the Motion, ECF 12, is **GRANTED,** and the remaining motions are **DENIED** as moot.

---

[1] The Court refers to all filings and page numbers by those generated by the CM/ECF system and printed on the top of each page.

I.      **Alleged Facts**

Though hardly a model of clarity, the complaint (and its attachments) appears to allege that Harrison is a former employee of JHH and was injured during a workplace assault that occurred on or about October 22, 2021.[2,3] ECF 1-3, at 2, 5. Harrison alleges that Stokes assaulted her at work after Harrison raised an unspecified grievance against co-workers, presumably including Stokes. *Id.* at 3–4. Immediately following the incident, Harrison alleges she was terminated by Givens. *Id.* at 5. Harrison appears to allege that Givens then joined in the assault and was aided by Royster. *Id.* at 6. With the assistance of an unidentified female security guard, Stokes, Givens, and Royster allegedly "thr[ew] . . . Harrison down the hallway on the hard floor" causing her injuries. *Id.* at 7. Harrison claims that the assault resulted in permanent injuries, and that she is now "walking with leg braces and a cane." *Id.* at 9.

Attached to Harrison's complaint is a letter from the Equal Employment Opportunity Commission ("EEOC") addressed to Harrison closing her case "because [her] charge was not filed within the time limits under the law." ECF 1-4, at 1. "In other words," the letter continues,

---

[2] Harrison alleges in the complaint that the assault occurred on "10/22/21." ECF 1-2, at 5. However, later in the supplement, she alleges it occurred on "October 21, 2021." ECF 5, at 93.

[3] For the purpose of deciding the motion to dismiss, the Court accepts all well-pleaded facts in the complaint as true. *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). It appears the bulk of the factual allegations are included in ECF 1-3, which is styled as a civil complaint and vaguely alleges "retaliation." ECF 1-3, at 1. On January 17, 2024, Harrison filed a "supplement" to her complaint. ECF 5. This document stretches over 100 pages and purports to detail the "duration of the mistreatment on this unit," presumably the JHH unit where Harrison formerly worked. ECF 5, at 2. The supplement contains a handwritten diary of sorts cataloging alleged incidents at work spanning a three-year period, including the alleged assault at the heart of the case as well as numerous incidents prior to the assault where Harrison appeared to be the subject of "corrective action" by supervisors. *See id.* at 44. The supplement also includes a description of a "grievance meeting" occurring on September 17, 2020, in which Harrison, a union delegate, Stokes, and others participated. *Id.* at 52. As discussed later in this opinion, the basis for Harrison's grievance is not provided.

2

"[Harrison] waited too long after the date of the alleged discrimination to file [her] charge." *Id.* The letter, dated December 5, 2023, noted that Harrison had "90 days" to file a federal lawsuit. This suit was filed less than a month later on January 3, 2024. *See* ECF 1.[4]

Defendants move to dismiss the complaint for failure to state a claim on three grounds: "(1) Ms. Harrison failed to exhaust administrative remedies because she did not timely file a charge with the [EEOC]; (2) the Complaint fails to plausibly allege a claim under any federal law; and (3) a federal discrimination claim cannot be filed against the Individual Defendants as a matter of law." ECF 12, at 1. The Court will address the second of these arguments, namely whether Harrison has alleged a federal claim, because it is dispositive of the case.

## II.   Applicable Legal Standards

Under Rule 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"). "The complaint must offer 'more than

---

[4] Defendants note that Harrison also filed suit against JHH and the individual defendants in Baltimore City Circuit Court. ECF 12-1, at 1. Those cases were consolidated into one case. *Id.* (referencing *Makele Harrison v. The Johns Hopkins Hospital, et al.*, Case No. 24-C-23-002024 (Balt. City Cir. Ct.)). A review of Maryland Judiciary Case Search reflects that the case was dismissed on June 24, 2024. Harrison has appealed that decision.

3

labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

"[A] plaintiff need not include 'detailed factual allegations' in order to satisfy Rule 8(a)(2)." *Jordan v. Davis*, Civ. No. ELH-22-1541, 2023 WL 2478862, at *3 (D. Md. Mar. 13, 2023) (citing *Twombly*, 550 U.S. at 555). "Moreover, federal pleading rules 'do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.'" *Id.* (citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam)). "But, mere ''naked assertions' of wrongdoing' are generally insufficient to state a claim for relief." *Id.* (citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted)). "In other words," as Judge Hollander has cogently noted, "the rule demands more than bald accusations or mere speculation." *Id.* (citations omitted).

In deciding a motion to dismiss, the Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). The Court will therefore consider the allegations contained in the "supplement" to Harrison's complaint.

4

Though not styled as such, Defendants' Motion essentially alleges that Harrison has failed to invoke federal jurisdiction.[5] Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). "On a Rule 12(b)(1) motion, a district court may properly consider . . . 'evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 200 (4th Cir. 2022) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

As this Court has noted:

> A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis [v. Thompson]*, 367 F.Supp.2d [792, 799 (D. Md. 2005)]. Where the challenge is factual, however, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The court, therefore, "may regard the

---

[5] "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Even if no motion has been made by a party, the Court is permitted to analyze jurisdiction "as if a motion pursuant to Rule 12(b)(1) had been lodged." *WG/Welch Mech. Contractors, LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transportation Workers, Loc. Union 100 - Sheet Metal Div.*, 684 F. Supp. 3d 432, 436 (D. Md. 2023).

5

pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018).

*Akers v. Maryland State Educ. Ass'n*, 376 F. Supp. 3d 563, 569 (D. Md. 2019). By seeking to invoke the jurisdiction of the Court, Harrison bears the burden of proving that this Court has subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

This Court is mindful that pro se pleadings, like Harrison's, must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberal construction means that documents filed by pro se litigants must be held to a "less stringent standard[ ] than formal pleadings drafted by lawyers." *Id.* However, "liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim." *Zahir v. McKeefery*, Civ. No. PX-19-1271, 2019 WL 1980352, at *1 (D. Md. May 3, 2019) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

### III. Analysis

As noted, the Court first considers—and finds dispositive—the argument that Harrison has failed to plausibly state a claim for relief under any federal law. Harrison alleges "federal question" jurisdiction. ECF 1, at 1. As noted by Defendants, Harrison failed to delineate specific federal statutes or constitutional provisions that are at issue in this case. *Id.* Instead, Harrison alleges "retaliation," which may sound in multiple federal statutes including Title VII, the Equal Pay Act ("EPA"), or the Family and Medical Leave Act of 1993 ("FMLA").[6]

---

[6] Title VII of the Civil Rights Act prohibits status-based discrimination based on an employee's personal characteristics such as "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Title VII also bars retaliation based on an employee's opposition to conduct made unlawful by Title VII, or for participation in a Title VII investigation or proceeding. *Id.* § 2000e-3(a). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Though

6

Though a plaintiff need not establish a prima facie case at the motion to dismiss stage, "reference to the elements of a claim is helpful to assess whether the plaintiff has stated a plausible claim." *Allgaier v. Microbiologics, Inc.*, Civ. No. 22-01900-ELH, 2023 WL 2837336, at *8 (D. Md. Apr. 7, 2023). A plaintiff must satisfy three elements to establish a prima facie retaliation case: "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). "'Protected activity' can take the form of either opposing a practice prohibited under Title VII . . . or making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII." *Pitter v. Cmty. Imaging Partners, Inc.*, 735 F. Supp. 2d 379, 395 (D. Md. 2010). Opposing a prohibited practice "has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedures." *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981).

It is at the first step—pleading a protected activity—that Harrison's complaint falters if her claims are construed as arising under Title VII (or a similar anti-discrimination statute). Harrison alleges two examples of conduct undertaken by co-workers to punish Harrison for raising a grievance, namely her assault and termination in October of 2021. Both "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 656 (4th Cir. 2023) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548

---

not explicitly included in the statute, Courts have recognized that the FMLA provides a cause of action for retaliation." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 295 (4th Cir. 2009) (citation omitted). FMLA retaliation claims are analogous to Title VII retaliation claims. *See Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001). Similarly, the EPA, as incorporated into the Fair Labor Standards Act, makes it unlawful "to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

7

U.S. 53, 57, 68 (2006)); *see also De Amat v. United Natural Foods*, Civ. No. 21-2323-BAH, 2024 WL 3427165, at *6 (D. Md. July 15, 2024) ("Termination is a quintessential adverse employment action."). Harrison fails, however, to allege that the lodging of an undescribed grievance against co-workers is protected activity. ECF 1-2, at 7.

The substance of the grievance is not provided in Harrison's complaint, but there is a discussion about a "grievance meeting" included in the supplement that attempts to shed more light on what issues Harrison may have raised in that process. ECF 5, at 52–56. This meeting occurred in September of 2020, and Ms. Stokes purportedly attended. *Id.* at 52. As to what was discussed at the meeting, Harrison pleads only vague details, including a claim that she "[does not] want to be a part of the mistreatment and staff misconduct." *Id.* at 55. However, Harrison fails to even attempt to explain what that alleged misconduct or mistreatment was. More importantly, there is no indication whatsoever that the grievance invoked opposition to a practice prohibited by a federal statute. *See, e.g., Brown v. Costco Wholesale Corp.*, Civ. No. PJM 09-1062, 2009 WL 5170170, at *2 (D. Md. Dec. 18, 2009) (dismissing a 42 U.S.C. § 1981 retaliation claim because "[t]he allegation makes no reference to race whatsoever"); *Lewis v. Home Sales Co.*, Civ. No. RDB 09-1153, 2011 WL 826352, at *6 (D. Md. Mar. 7, 2011) (granting summary judgment where plaintiff had not established that he engaged in a protected activity because plaintiff never mentioned race or discriminatory animus). The over one hundred pages of factual allegations included in the complaint and the supplement are best described by Defendants who correctly observe that Harrison "describes [] an unhappy work situation where she felt she was treated unfairly by her supervisors and which allegedly resulted in her sustaining physical injuries on the day of her termination." ECF 12-1, at 6. There is no claim made, or any factual support alleged, for the argument that Harrison opposed a discriminatory practice, and certainly no allegation that

8

she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing[7] under any federal anti-discrimination statute. As Defendants accurately note, "none of [] Harrison's allegations shed any light on how these claims may be related to a cause of action recognized under federal law." ECF 12-1, at 6.

Harrison responds to the Motion by repeating the allegations of the October 2021 assault. ECF 18, at 2–5; ECF 18-1, at 2–6; ECF 18-3, at 2–5. She continues by noting that Defendants failed to "assist and give proper care" after she was injured and claims that Defendants have tried to "cover up the assault." ECF 18, at 5; *see also* 18-1, at 6 (alleging that "[D]efendants failed to seek medical attention for the injured [P]laintiff"). Again, Harrison alleges that the "assault and attack" was a form of "retaliation," but she fails to describe how the retaliation came in response to a protected activity.[8] ECF 18-1, at 7. Harrison argues that "the Johns Hopkins employees," presumably Defendants, "were told to leave [Harrison] alone at the grievance meeting." ECF 18-2, at 6. However, as with the allegations in the complaint, there is no reference to the basis for the alleged grievance that generated the "grievance meeting" in the first place.

The Court is well aware of Harrison's pro se status and recognizes that "[n]o particular magic words are required," to raise a retaliation claim as long as there is some plausible claim that

---

[7] Harrison did raise a charge with the EEOC, but this claim was filed after all of the allegedly adverse incidents detailed in the complaint occurred and thus could not form the basis for a retaliation claim.

[8] Harrison's response also details her efforts to speak with employees of JHH after the termination and assault. ECF 18-2, at 2–4. She also appears to claim that representatives of JHH prevented her from receiving worker's compensation "by showing up at the worker's compensation hearing." *Id.* at 3. Plaintiff also includes an "attachment" to her response in which she details failed efforts at mediation stemming from an identical state case filed in Baltimore City Circuit Court, which she describes as a form of "discrimination." ECF 18-3, at 2. All of these actions occurred subsequent to the alleged adverse employment actions and thus could not form the basis for Plaintiff's retaliation claim.

9

"'the employee at least . . . actually opposed employment practices made unlawful by [federal law],' rather than raised generalized workplace grievances." *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 317 (D. Md. 2015) (quoting *McNair v. Computer Data Sys., Inc.*, 172 F.3d 863, 1999 WL 30959, at *5 (4th Cir. Jan. 26, 1999)). To be clear, Harrison plainly alleges that she was terminated and details a frightening assault that has tragically resulted in permanent injuries. But describing these unfortunate events in detail does not establish that they came in response to a protected activity. As Judge Xinis noted, "not all acts in opposition receive protection; there must be evidence that the oppositional act was directed toward an unlawful employment practice prohibited" by federal law. *Cox v. U.S. Postal Serv. Fed. Fed. Credit Union*, Civ. No. 14-3702-PX, 2016 WL 3477155, at *3 (D. Md. June 27, 2016). "A general complaint of unfair treatment does not translate into a charge of illegal [] discrimination." *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995). A full and liberal reading of the complaint and the supplement reflect that Harrison has failed to plead any allegation that the grievance she lodged while employed at JHH was directed at an unlawful employment practice prohibited by federal law. At best, her grievance resembles a general complaint of unfair treatment and, as such, she fails to state a federal claim for "retaliation."[9]

---

[9] Though the Court need not reach the issue, Harrison's allegations likely also fail to establish a causal connection between the grievance and any adverse action. "Causation can be shown in two ways: by 'show[ing] that the adverse act bears sufficient temporal proximity to the protected activity,' or by showing 'the existence of facts that suggest that the adverse action occurred because of the protected activity,' or a combination of the two." *Laurent-Workman*, 54 F.4th at 218–19 (citing *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021)). Harrison does not allege facts connecting the grievance to her termination and assault. And if it was the grievance and subsequent meeting in September of 2020 that she alleges forms the basis for her termination and assault over a year later, this lapse between the participation in the alleged protected activity and the adverse employment action is too long to establish causation. *Compare Strothers v. City of Laurel*, 895 F.3d 317, 336 (4th Cir. 2018) (holding that a time lapse of one day between notification of intent to file a grievance and the employee's termination satisfied the causal connection requirement at the prima facie stage) *and Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (finding

Because Harrison has failed to plead enough facts for the Court to construe her "retaliation" claim as a federal claim, the only possible jurisdictional basis for this Court to hear her claim, the complaint must be dismissed. Moreover, under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Even assuming the factual allegations in her complaint to be true, Harrison fails to invoke federal jurisdiction and thus dismissal is also proper under Fed. R. Civ. P. 12(b)(1).[10]

The Court notes that Harrison raised a claim with the EEOC, and thus arguably made some attempt to raise a cognizable claim of federal retaliation. However, the basis of that claim is not alleged in Harrison's complaint and is not apparent from the face of the EEOC "right to sue letter" that Harrison attached. ECF 1-4, at 1. As noted, the Court has reviewed Harrison's complaint with the leniency provided to pro se litigants. However, this leniency has its limits as "[a] court may not construct the plaintiff's legal arguments for [her], nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"

---

prima facie causation where employer fired plaintiff four months after discrimination complaint was filed), *with Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (holding that a three year lapse between protected activity and adverse employment action was too lengthy to establish a causal nexus) *and Clark v. Chrysler Corp.*, 673 F.2d 921, 930 (7th Cir. 1982) (holding that two-year lapse negated inference of causation).

[10] Harrison did not allege that jurisdiction was proper in this Court on account of diversity, nor could she. A district court has original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1)–(2). Section 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). It appears from the face of the complaint that all parties are citizens of Maryland, ECF 1, at 2–3, thus defeating any claim that jurisdiction is proper on the basis of diversity.

11

*Runge v. Barton*, Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010)). To read Harrison's complaint as alleging retaliation for complaining about an unlawful practice prohibited by federal law would, at best, make Harrison's legal arguments for her, or, at worst, transform her allegation into something she chose not to plead. The Court will do neither and thus Harrison's claim is dismissed for want of federal jurisdiction.

Harrison's request for counsel will also be denied. Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds*, 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, ___ F. 4th ___, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 22, 2024) (quoting *Whisenant*, 739 at 162). In *Jenkins*, the Fourth Circuit recently emphasized that in determining whether exceptional circumstances warrant appointment of counsel to a civil litigant, a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have difficulty cross-examining without the aid of a lawyer. *Id.* at *5. Considering these factors here, appointing

counsel to Harrison is not warranted. Indeed, Harrison herself has not cited any particular reason appointment is warranted here. *See* ECF 15. This motion will be denied.

Since the Court will grant Defendants' motion to dismiss (ECF 12), the Court finds no need to address the additional pending dispositive motions as each are now rendered moot.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss, ECF 12, is GRANTED; Harrison's motion to appoint counsel, ECF 15, is DENIED; and the remaining motions (motion to dismiss for insufficient service of process (ECF 10) and Harrison's motion for default judgment (ECF 22)), are DENIED as MOOT.

A separate implementing Order will issue.

Dated: July 25, 2024                                                            /s/
                                                                        Brendan A. Hurson
                                                                        United States District Judge